IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REGINALD HAWKINS, | : | |
| Petitioner, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PENNSYLVANIA BOARD OF | : | 07-0552-LDD |
| PROBATION AND PAROLE, | : | |
| Respondents. | : | |
| | : | |

ORDER

AND NOW, this       day of June 2007, upon careful consideration of the Petition for Writ of Habeas Corpus (Doc. No. 1), the Respondents' Answer (Doc. No. 7), and after review of the Report and Recommendation of the Honorable Timothy Rice, United States Magistrate Judge (Doc. No. 8), Petitioner's Objection thereto (Doc. No. 11) and the Respondents' Opposition to Petitioner's Objection (Doc. No. 12) , it is HEREBY ORDERED that:

1. The Report and Recommendation is ADOPTED and APPROVED.

2. The Petition for Writ of Habeas Corpus is DENIED with prejudice.

3. There is no probable cause to issue a certificate of appealability.

4. Petitioner's Motion to Amend (Doc. No. 4) is DENIED as moot.

5. This is a final judgment and the Clerk of Court is instructed to close this matter for statistical purposes.

In the Report and Recommendation, Judge Rice correctly held that Hawkins failed to exhaust his claims in the Pennsylvania state court system prior to seeking federal habeas relief. I write separately to articulate the specific steps Hawkins was required take in order to exhaust the claims presently before the Court.  Within 30 days following the revocation of his parole,

Hawkins was required to file an appeal with the Board of Probation and Parole.  See 37 Pa. Code § 73.1(a)(1-2) ("An interested party... may appeal a revocation decision... [when] an error of law has been committed or there has been a violation of constitutional law.")  Following this administrative appeal, Hawkins must then present his claims to the Pennsylvania Commonwealth Court. See 42 Pa. C.S.A § 763(a) (conferring exclusive jurisdiction to Commonwealth Court to hear "appeals from final orders of government agencies."); Borsello v. Colleran, 833 A.2d 1213, 1215 (Pa. Cmwlth. 2003).  If he remained dissatisfied with the result, Hawkins was required to petition the Pennsylvania Supreme Court for an allowance of appeal.  See 42 Pa. C.S.A § 724 (conferring discretion to Pennsylvania Supreme Court to review decisions of the Commonwealth Court); see also McMahon v. Com., Pennsylvania Bd. of Probation and Parole, 504 Pa. 240, 241 (1983).  Because Hawkins failed to avail himself of these avenues of relief, he cannot assert his constitutional grievances for the first time on federal habeas review.  See, e.g., Wareham v. Stowitzky, 2007 WL 666692, at *5 (E.D. Pa. February 26, 2007) (failure to file administrative and state court appeals precludes habeas review of parole revocation); Lloyd v. Shannon, 2005 WL 1138389, at *2 (M.D. Pa. Apr. 28, 2005) (same).

                    BY THE COURT

                    /S/LEGROME D. DAVIS
                    Legrome D. Davis, J.